IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER ELDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. CIV-21-38-C |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

Plaintiff was a patient at the Oklahoma City Veterans Affairs Medical Center in 2017. According to Plaintiff, while he was being treated, Defendant left an IV needle implanted in his arm for too long and as a result he developed severe sepsis. Plaintiff also alleges Defendant's medical staff failed to detect and diagnose the subsequent infection and abscess. In accordance with the terms of the Federal Tort Claims Act ("FTCA"), Plaintiff filed an administrative tort claim, which was denied. Plaintiff then filed the present action seeking to recover for Defendant's alleged negligence. Defendant has filed its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) arguing Plaintiff's first claim fails to state a claim of medical negligence and the Court lacks jurisdiction to consider it.*
Defendant asserts that Plaintiff failed to present the second claim in his administrative tort claim and the Court lacks jurisdiction to consider it.

---

\* Although Defendant challenges whether Plaintiff's first claim states a claim for relief, the Supreme Court has recently held the claim may be dismissed pursuant to Fed. R. Civ. P 12(b)(1) or 12(b)(6). See Brownback v. King, ___ U.S. ___, 141 S.Ct. 740, 749, n. 8 (2021).

As to the claim raising the length of time the IV was in place, the allegations of Plaintiff's Amended Complaint state that the accepted regional standard of care requires changing the IV location every 72 hours, while the CDC requires the location to be changed every 72-96 hours. Plaintiff's Amended Complaint alleges that the medical records indicate his IV was placed on May 19, 2017, at 11:39 p.m. and then removed on May 23, 2017, at 12:22 p.m. Thus, Plaintiff alleges the IV was in the same location for more than 72 hours but less than 96. Plaintiff's Amended Complaint asserts that Plaintiff's recollection is that the IV was in place for five days.

Defendant argues that on the face of the Amended Complaint it is clear that Plaintiff has failed to allege a breach of the standard of care. Defendant argues that Oklahoma employs a national standard of care requirement, and that standard of care is best evidenced by Plaintiff's allegations regarding the CDC requirements. Defendant argues that because the medical records clearly demonstrate the IV was in place for a period within the scope of the CDC standard, Plaintiff cannot demonstrate negligence and therefore the Court lacks jurisdiction to consider the claim.

Defendant's Motion will be denied on this issue. Defendant would have the Court hold that the CDC standard is the only applicable standard in determining the appropriate time length for an IV and that there are no variables which would require the shorter 72-hour period. In this manner, Defendant is asking the Court to make factual determinations based on the pleadings. That action is inappropriate at this stage.

2

...

Defendant seeks dismissal of the second claim, arguing it was not presented in Plaintiff's administrative claim. Plaintiff's second claim alleges that he returned to the VA with complaints on June 13, 2017, and Defendant's doctors failed to properly diagnose his condition. Defendant argues that Plaintiff did not identify this incident on his administrative claim and therefore he cannot pursue it now.

Plaintiff argues that in response to his administrative claim, he provided additional medical records to Defendant and that those records included information about the June failure to diagnose claim.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). The FTCA provides a waiver of sovereign immunity, but that waiver is narrowly and strictly construed. Persons seeking to take advantage of the waiver must "adhere closely to every rule and requirement of the FTCA." Estate of Cummings v. United States, 651 Fed. Appx. 822, 827 (10th Cir. 2016). One such requirement is that a plaintiff present the claim to the agency. In the Tenth Circuit, that claim must contain (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation and (2) a sum certain. Lopez v. United States, 823 F.3d 970, 976 (10th Cir. 2016). Examination of the administrative claim filed by Plaintiff establishes that he made no mention of a June 13 claim in that document. Plaintiff argues that he later supplied information which was sufficient to apprise Defendant of this claim. However, Plaintiff fails to offer any legal support for his argument that the administrative claim can be amended in this fashion.

3

Case 5:21-cv-00038-C   Document 22   Filed 10/07/21   Page 4 of 4

Further, the Court finds that information was not provided in a manner that would have advised Defendant that Plaintiff pursued the June 13 matter as a stand-alone claim. Thus, Plaintiff failed to provide Defendant an opportunity to investigate and/or settle that issue as an independent claim prior to litigation and thereby undermined the purpose of the administrative process. Id. at 977. Consequently, Defendant is entitled to sovereign immunity from Plaintiff's independent claim arising from his June visit to the VA. Whether or not those injuries arose from and are part of the alleged negligence set forth in Plaintiff's first claim is not decided here.

For the reasons set forth herein, Defendant United States' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 17) is DENIED in part and GRANTED in part. Plaintiff's first claim is adequately pleaded, and Defendant's Motion is denied as to that claim. Plaintiff failed to properly exhaust administrative remedies as to his second claim and that claim is DISMISSED without prejudice for lack of jurisdiction.

IT IS SO ORDERED this 7th day of October 2021.

ROBIN J. CAUTHRON
United States District Judge

4